UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

BENITO VAZQUEZ

    v.                                  3:03cv1285 JCH

CLAIRE'S ACCESSORIES

### RULING ON BILL OF COSTS

On October 18, 2005, judgment entered for the defendant after ruling on a motion for summary judgment.  On November 3, 2005, the defendant submitted a Bill of Costs and no objection was filed by the plaintiff.  For the reasons stated below, the defendant's bill of costs is granted in part and denied in part.

A. FEES OF THE CLERK: The defendant submits a claim for fees of the clerk in the amount of $150.00. The filing fee for the petition for removal in the amount of $150.00 is allowed pursuant to 28 U.S.C. § 1920 and Local Rule 54(c)6.(iii). Costs are entered in the amount of **$150.00.**

B. FEES OF THE STATE MARSHAL: The defendant submits claims for service fees of subpoenas.  The defendant is allowed to recover costs for service only to the extent that the costs of service do not exceed the costs that would have been charged if the U.S. Marshal effected service, U.S. v. Merritt Meridan Constr. Corp., 95F.3d 153 (2d Cir. 1996).  The defendant submits a claim for service of a subpoena on Stamford Police Department in the amount of $131.80 and on the Records Custodian, Stamford Town Center Mall in the amount of $131.80.  The supporting documentation for these claims does not have any breakdown of the mileage, the mileage rate, witness fee, etc.

Therefore these claims are reduced, without prejudice to renewal with further supporting documentation, to $45.00 each, which is the statutory fee of the U.S. Marshal.

Claims for service of subpoenas are allowed in the amount of **$90.00**.

      C. FEES FOR COURT REPORTER: Defendant is entitled to costs for an original and one copy of the transcript and any court reporter attendance fees, to be taxed at the prevailing page rate pursuant to Local Rule 80.  Pursuant to Vol VI, Chap. XX of the "Guide to Judiciary Policies and Procedures", maximum transcript rates for an original and one copy are $3.75 per page.  Postage and handling and charges for delivery of transcripts are not recoverable as costs, Wahl v. Carrier Mfg. Co., Inc. 511 F.2d 209, 217 (7th Cir., 1975).  Condensed, ASCII disk, expedited or daily transcripts are also not recoverable as costs.  Deposition transcripts are taxable if used at trial in lieu of live testimony, for cross-examination, for impeachment or in support of a successful motion for summary judgment pursuant to Local Rule 54(c)2.(ii).  The defendant submits a claim for the deposition transcript of Mary Ann Porter in the amount of $198.70 and Berlenda Hubbard in the amount of $233.15.  These claims are denied as there is no evidence of their use in the defendant's summary judgment motion.  The defendant submits a claim for two volumes of deposition transcript of Kristine Rapp.  The first claim is in the amount of $170.13, and that claim is reduced to $138.33 (condensed transcript is not an allowable cost), the second claim is in the amount of $368.35 and that claim is reduced to $357.75 (shipping and handling are not allowable costs).  The defendant submits a claim for two volumes of deposition transcript of Benito Vasquez.

The first claim is in the amount of $790.81 and that claim is reduced to $674.69 (condensed transcripts and shipping and handling are not allowable costs).  The second claim is in the amount of $139.41 and that claim is reduced to $104.61 (condensed transcripts are not allowable costs).

Costs are entered in the amount of **$1,275.38.**

    D. FEES FOR COPIES: The cost of exhibits appended to a successful summary judgment motion are allowed pursuant to Local Rule 54(c)3.(iii).  The defendant submits a claim for copies in the amount of $120.40, which is allowed.

Costs are entered in the amount of **$120.40**.

    E. SUMMARY: For the reasons previously stated, the defendants' bill of costs are allowed as follows:

| | |
|---|---|
| Fees of the Court | $ 150.00 |
| Fees of the State Marshal | $  90.00 |
| Fees of the Court Reporter | $1275.38 |
| Fees for Copies | $ 120.40 |
| Total | $1635.78 |

Pursuant to Local Rule 54(d), the parties may appeal this decision to the presiding judge within five days of the entry of this ruling.

Dated at Bridgeport, Connecticut, this 18th day of January, 2006.

                                              KEVIN F. ROWE, Clerk

                                              By     /s/Chrystine W. Cody
                                                         Deputy-in-Charge